Bissell, P. J.,
delivered the opinion of the court.
'There was no right of action against the indorser of this commercial paper at the time the suit was brought, for his liability was to be measured solely by the note to which his name was affixed. The original promise was to pay the sum named five years from the date of the instrument, with the agreed interest specified in the coupons attached. When the payee, for a consideration, indorsed the paper to the holder, he simply undertook according to the well settled principles of the law merchant that the makers should discharge their promise according to its terms. Unless varied by some collateral agreement, to which the makers were a party, and which became by necessary intendment and construction a part of the promise sued on so that it would bind the indorser, the right of action must of necessity be measured by the terms of the promise. The appellee contends, and the court below found, that the trust deed, which was executed concurrently with the note, contained a clause which was to be taken as incorporated into and a part of the promise, and that thereby the holder of the note had a right to declare the whole sum ' *13 due and bring his aetioii, without waiting for the maturity of the promise. It must be conceded that some basis for the contention is found in the case of Noell v. Gaines, 68 Mo. 649, where that court held in a somewhat similar case, that the trust deed and the note were to be construed together on the basis of concurrently executed agreements, and that a cause of action against the makers might be held to exist contrary to the exact terms of the promise contained in the note. The court was not unanimous in the declaration of the principle, and the main opinion seems to concede that the application of it might be varied by knowledge or want of information on the part of the holder that the deed of security contained this provision. There are well considered cases even in that state as we think, as well as others, which do not accept this as the law, and which decide that a stipulation concerning the maturity of the paper which is contained alone in the trust deed must be taken as determinative only of the rights of the parties with reference to the enforcement of the security. McClelland v. Bishop, 42 Ohio State, 113; Mallory v. West Shore R. R. Co., 35 N. Y. Sup. Ct. 175; Morgan v. Martien, 32 Mo. 438; Mason v. Barnard et al, 36 Mo. 384.
We are not compelled to declare which is the better principle as between these conflicting authorities, although we confess that we are unable to see on what basis the liability of the indorser of a promissory note can be enlarged by the terms of a contract to which he ivas not a party. The facts disclosed by this record remove any possibility to appty the doctrine stated in the Noell case. The note in suit was made by three parties. The trust deed was executed by only two of them.' O. C. French did not sign the security, and hence was not bound by the clause in that instrument, by virtue of which the holder was given the right to declare the maturity of the entire promise in case of a failure to pay any of the interest coupons attached to it. We are not considering the right of the holder with reference to the enforcement of the coupon notes attached, since it might possibly be true that those would stand as independent promises, with a right of action *14 accruing as the default might occur. The only matter we decide is that since O. C. French, who was one of the makers, did not sign the contemporaneous agreement, it may not be incorporated into his promise by construction or intendment, so as to bind him and compel him to pay before the time agreed on. Manifestly, if this be true, no liability would arise against the indorser, which would be enforceable as against him until after a default by the maker of the note, for whose promise he had become a guarantor by his indorsement. Since the note had not matured as against either the maker or the indorser at the time suit was brought, a judgment could not be recovered against them for the principal sum. It is quite possible that some of the coupon notes were due at the time the suit was instituted, and that the plaintiff under his complaint would have a right to recover on what had matured and remained unpaid.
We cannot settle this question on the present appeal, and the case is therefore reversed and remanded for further proceedings not inconsistent with the judgment.

Reversed.